IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**AL CREATH**                                                                                               **PLAINTIFF**

**V.**                                           **Civil Action No. 3:18-cv-832-DPJ-FKB**

**THE MERCHANTS COMPANY D/B/A MERCHANTS**
**FOODSERVICE**                                                          **DEFENDANTS**

**DEFENDANT'S MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AND TO STAY THE PROCEEDINGS FOR NINETY DAYS**

COMES NOW, Defendant, The Merchants Company d/b/a Merchants Foodservice ("Merchants"), and files its Opposition to Plaintiff's Counsel's Motion to Withdraw and to Stay the Proceedings for Ninety Days ("Motion") (Document 9), stating as follows:

In the Motion, Plaintiff's Counsel seek to not only withdraw from the case (which they filed less than three months ago and which would leave Plaintiff proceeding *pro se*), but they also seek a ninety-day stay of the proceedings, despite not identifying how a 90-day stay would remedy the circumstances leading to their request to withdraw. By way of background, when Plaintiff's Counsel Hazzard initially requested Merchant's position on the intent to withdraw, it was Merchant's understanding that Plaintiff's Counsel Body, who signed and filed the Complaint on December 2, 2018, would remain in the lawsuit. Thus, Merchants indicated that it would not oppose the withdrawal, as long as the request for a ninety-day extension was removed. As Merchants believed Mr. Body would remain in the lawsuit, there would be no justification for a ninety-day extension. Attorney Hazzard then indicated that Mr. Body would also be seeking to withdraw and proceeded to file the Motion as opposed.

Notably, Plaintiff's Counsel are not asking to withdraw because of a dispute with their client, but instead because their client cannot be reached. (Document 9, ¶¶ 1-2.)[1] Thus, what Plaintiff's Counsel seek would permit them to walk away from this lawsuit that they filed, after deadlines have been set (Document 8), leaving the Court and Merchants to wonder if and when Plaintiff is going to fulfill his responsibilities to the Court and his obligations under the Local Uniform Civil Rules and Federal Rules of Civil Procedure. If Plaintiff is failing/refusing to stay in contact with any of the five attorneys identified as his counsel in the Complaint, what expectation is there that Merchants is going to have any better luck contacting Plaintiff for purposes of drafting the Case Management Order, engaging in written discovery, scheduling depositions, and otherwise litigating this case?

Simply stated, Plaintiff's Counsel should not be allowed to just walk away from a lawsuit that they filed, leaving the Court and Merchants to deal with their non-responsive client. Instead, Plaintiff's Counsel should file a stipulation of dismissal under Rule 41(a)(1)(A)(ii), to which Merchants will join. Such a remedy properly places the obligations to prosecute this lawsuit and abide by all deadlines[2] on Plaintiff and does not harm him, as such a dismissal would be without prejudice to him instituting this lawsuit again should he ever decide to pursue the same and fulfill his obligations and the statute of limitations has been tolled since the filing of his Complaint. At the same time, a dismissal without prejudice protects Merchants from a non-responsive Plaintiff over which it has no control and less chance to reach him than his own attorneys.

This the 24th day of February 2019.

---

[1] By the very nature of this request, it is completely unknown if and when Plaintiff will ever respond or satisfy his obligations in this matter.

[2] These obligations exist regardless of whether Plaintiff is proceeding *pro se* or if his counsel were not withdrawing.

**COUNSEL FOR DEFENDANT**

*/s/ Martin J. Regimbal*
Martin J. Regimbal, Esq. (MS Bar: 102507)
Jennifer D. Sims, Esq. (MS Bar: 104655)
**THE KULLMAN FIRM**
*A Professional Law Corporation*
119 3rd Street South, Suite 2
Columbus, Mississippi 39701
T: 662-244-8824 | F: 662-244-8837
MJR@KullmanLaw.com
JDS@KullmanLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing DEFENDANT'S MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AND TO STAY THE PROCEEDINGS FOR NINETY DAYS with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Brent Hazzard
HAZZARD LAW, LLC
447 Northpark Drive
Jackson, MS 39225

Rafael R. Green
PRECIOUS MARTIN, SR. & ASSOCIATES, PLLC
821 North Congress Street
P.O. Box 373
Jackson, Mississippi 39205

Catouche Body
THE BODY LAW FIRM, PLLC
P.O. Box 13007
Jackson, MS 39236

This 24th day of February 2019.

*/s/ Martin J. Regimbal*