IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AL CREATH                                                                           PLAINTIFF

V.                                                         IVIL ACTION NO. 3:18-cv-832-DPJ-FKB

THE MERCHANTS COMPANY
D/B/A MERCHANTS FOODSERVICE                                                        DEFENDANTS

**PLAINTIFF COUNSEL'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AND TO STAY THE PROCEEDINGS FOR NINETY DAYS**

COMES NOW, the Plaintiff's Counsel, Brent Hazzard of Hazzard Law, LLC, Catouche Body of The Body Law Firm, PLLC, and Rafael Green of Precious Martin Sr. and Associates, PLLC ("Plaintiff's Counsel"), reply to the Defendant's Response in Opposition to Plaintiff's Counsel's Motion to Withdraw and to Stay the Proceedings for Ninety Days.

1. The Defendant opposes the Plaintiff's Counsel's Motion to Withdraw and to Stay the Proceedings for Ninety Days, but its opposition fails after a simple review of the law. The Defendant's first mistake is that a dismissal without prejudice would not harm the Plaintiff because "the statute of limitations has been tolled since the filming of his Complaint." Defendant's Memorandum in Support of Response in Opposition to Plaintiff's Counsel's Motion to Withdraw and to Stay the Proceedings for Ninety Days, p.2, Dkt. No. 11. A plaintiff's voluntary dismissal without prejudice of his employment discrimination case did not toll the statute of limitations. *Taylor v. Bunge Corp.* 775 F.2d 617, 619 (5th Cir. 1985). Thus, a dismissal without prejudice by Plaintiff's Counsel in this matter would be fatal.

2. The Defendant's second mistake is that the Plaintiff's Counsel should dismiss the case rather than move the Court to withdraw as counsel. See Defendant's Memorandum, p. 2, Dkt. No. 11. If the Court adopted the Defendant's argument of dismissing this action, the Court

would order the Plaintiff's Counsel to violate the Mississippi Rules of Professional Conduct 1.2, 1.16 & 8.4.

3. The Defendant's third mistake is that the Defendant and the Court would have to "deal with [a] non-responsive client." Defendant's Memorandum, p. 2, Dkt. No. 11. The Plaintiff Counsel requested a set time, i.e., ninety days for the Plaintiff to inform the Court of his intention of going forward with his case to prevent this exact scenario from occurring. If the Plaintiff fails to notify the Court within these ninety days, the matter will be dismissed with prejudice.

4. For the above-stated reasons, Plaintiff's Counsel moves the Court to grant their motion to withdraw and stay the proceedings for ninety days, so Plaintiff can have adequate time to decide whether he would like to hire another lawyer or continue *pro se*. In the alternative, the Plaintiff requests a thirty-day extension of all deadlines.

It is respectfully submitted on March 4, 2019.

By: s/*Brent Hazzard*
    Brent Hazzard, MSB # 99721
    Hazzard Law, LLC
    447 Northpark Drive
    Jackson, MS  39225
    Tel:  601.977.5253
    Fax:  601.977.5236

Certificate of Service

I, Brent Hazzard, do hereby certify that counsel of record has received a copy of the above document by ECF on March 4, 2019, and the Plaintiff, Al Creath, has been emailed and mailed a copy of this document certified mail, return receipt requested to his last known address at 5725 Brownlee Drive, Jackson, MS 39206.
.

s/ Brent Hazzard